Cite as 2021 Ark. App. 45

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-20-208

| | |
|---|---|
| ARTHUR TRULOCK<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** February 3, 2021<br><br>APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT<br>[NO. 30CR-19-296]<br><br>HONORABLE CHRIS E WILLIAMS, JUDGE<br><br>REVERSED AND REMANDED |

## N. MARK KLAPPENBACH, Judge

Following a jury trial, Arthur Trulock was convicted in the Hot Spring County Circuit Court of possession of a controlled substance and possession of drug paraphernalia. Trulock represented himself at trial. On appeal, he contends that he did not effectively waive the right to counsel. The State concedes error. We reverse and remand Trulock's convictions.

The Sixth Amendment to the United States Constitution, made obligatory upon the states by the Due Process Clause of the Fourteenth Amendment, guarantees an accused the right to have the assistance of counsel for his defense. *Brown v. State*, 2012 Ark. App. 314, 416 S.W.3d 260. The constitutional right to counsel, however, is a personal right and may be waived. *Id*. There are three requirements that must be met before allowing a defendant to proceed pro se: (1) the request to waive the right to counsel must be unequivocal and timely asserted, (2) there must have been a knowing and intelligent waiver, and (3) the

defendant must not have engaged in conduct that would prevent the fair and orderly exposition of the issues. *Id.*

The circuit court maintains a weighty responsibility in determining whether an accused has knowingly and intelligently waived his right to counsel. *Ivory v. State*, 2017 Ark. App. 269, 520 S.W.3d 729. The accused must have full knowledge or adequate warning concerning his rights and a clear intent to relinquish them before a waiver can be found. *Id.* The determination of whether any defendant intelligently waived his right to counsel is dependent upon the particular facts and circumstances of the case, including the background, the experience, and the conduct of the accused. *Id.* Significantly, every reasonable presumption must be indulged against the waiver of the fundamental constitutional right to counsel. *Id.* In determining whether a defendant knowingly and intelligently waived his constitutional right to counsel, our standard of review is whether the circuit court's finding was clearly against the preponderance of the evidence. *Id.*

Trulock argues that his waiver was not knowing and intelligent because he was never advised of his constitutional right to counsel; the circuit court never inquired of his ability to afford an attorney; and he was not warned about the disadvantages of representing himself.[1] The State agrees that Trulock did not waive his right to counsel knowingly and intelligently.

To establish a voluntary and intelligent waiver, the circuit court must inform the accused that he is entitled to an attorney as a matter of law and question him to determine

---

[1]Trulock also contends that he did not make an unequivocal request to waive his right to counsel, but because we are reversing due to the lack of a knowing and intelligent waiver, it is unnecessary to address this argument.

if he can afford to hire a lawyer. *Bledsoe v. State*, 337 Ark. 403, 989 S.W.2d 510 (1999). The circuit court must also explain the desirability of having the assistance of an attorney during the trial and the drawbacks of not having an attorney. *Id*. A specific warning of the dangers and disadvantages of self-representation, or a record showing that the defendant possessed such required knowledge from other sources, is required to establish the validity of a waiver. *Id*.

At his first appearance, when the court asked if Trulock had an attorney, Trulock informed the court that he would be representing himself. The court noted that it was his choice but said that it "would strongly encourage" Trulock to consider talking to an attorney. At the next hearing, Trulock stated that he was still representing himself but that he might talk to an attorney. The court said that it had a responsibility to make sure Trulock understood the law in order to represent himself and that they would go through "certain questions." No questions were asked, but the court again encouraged Trulock to talk to an attorney. At the following hearing, the court offered to appoint standby counsel to assist Trulock, and Trulock accepted. Standby counsel did not participate during the trial.

Trulock's waiver was thus not knowing and intelligent for two reasons. First, although the court encouraged Trulock to speak to an attorney and to accept the assistance of standby counsel, the court never explicitly informed Trulock that he had a constitutional right to counsel. *See Brown*, *supra*. Second, the court did not adequately warn Trulock of the risks and disadvantages of self-representation. *Id*. In *Bledsoe*, *supra*, the supreme court reversed when the defendant was informed about the requirement that he follow the rules of the court but was given no explanation as to the consequences of failing to comply with

3

those rules, such as the inability to secure the admission or exclusion of evidence or the failure to preserve arguments for appeal. Likewise here, there was no discussion about the substantive risks of proceeding without counsel. Furthermore, there was no showing that Trulock possessed such knowledge from other sources. Accordingly, we hold that the circuit court's conclusion that Trulock knowingly and intelligently waived his right to counsel was clearly against the preponderance of the evidence.

The assistance of standby counsel can rise to a level where the defendant is deemed to have had counsel for his defense, thereby mooting any assertion of involuntary waiver. *Brown*, *supra*. Whether such assistance rises to that level is a question that must be answered by looking at the totality of the circumstances. *Id*. Our cases on this issue demonstrate that the assistance must be substantial, such that counsel was effectively conducting a defense. *Id*. We agree with Trulock and the State that standby counsel did not meaningfully participate at trial. Thus, Trulock's assertion of involuntary waiver was not rendered moot.

Reversed and remanded.

HARRISON, C.J., and BARRETT, J., agree.

*Dusti Standridge*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.

4