Cite as 2026 Ark. App. 40

# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CR–25–561

| | |
|---|---|
| ALVIN EUGENE YARBERRY<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** January 21, 2026<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. 26CR-24-709]<br><br>HONORABLE RALPH C. OHM, JUDGE<br><br>REVERSED AND REMANDED |

**BRANDON J. HARRISON, Judge**

Alvin Eugene Yarberry appeals from three convictions of unlawfully possessing a firearm, a Class D felony. Ark. Code Ann. § 5-73-103(a)(1) & (c)(2) (Supp. 2023). A Garland County jury sentenced him to an aggregate fifteen years' imprisonment. Yarberry represented himself through trial. He argues the record does not establish that he made a knowing and intelligent waiver of his right to counsel. The State, which had the burden to prove Yarberry made a valid waiver, *Williams v. State*, 2009 Ark. App. 684, 372 S.W.3d 358, concedes instead that he is right. We reverse and remand.

In September 2024, the State charged Yarberry with possessing three firearms in Garland County on or about 2 July 2024 after a 2019 conviction for felony nonsupport. At Yarberry's initial arraignment on 3 October 2024, Yarberry said he wanted to hire private counsel and had consulted a lawyer but couldn't pay the $3,500 fee. The court warned that

Yarberry could not delay trial indefinitely to work out payment arrangements. It did not immediately engage him about appointing counsel instead.[1]

When the hearing resumed October 28 with Yarberry still unrepresented, the court explained the possible penalties and confirmed that he had a right to remain silent and a right to counsel, including appointed counsel if he could not afford one. Yarberry said he would represent himself and signed a written waiver. On 5 May 2025, the day the trials in this case and a misdemeanor Yarberry appealed from district court were set to begin, the court also warned that Arkansas Rules of Evidence would apply, and Yarberry would be held to the same standards as an attorney. He cried "uncle!", so to speak, two days later at a suppression hearing and asked for a continuance to retain counsel.[2] The court found it was too late.

Bookending a criminal defendant's Sixth Amendment right to be represented by counsel at all critical stages in the prosecution is the right to proceed *without counsel* if that waiver is "knowingly and intelligently" made. *Faretta v. California*, 422 U.S. 806, 835 (1975); *see also Anderson v. State*, 367 Ark. 536, 242 S.W.3d 229 (2006); *Shabazz v. State*, 2018 Ark. App. 399, 557 S.W.3d 274.

---

[1]Like the defendant in *Mattingly v. State*, 2025 Ark. App. 461, at 2, 721 S.W.3d 819, 821, Yarberry might style himself a "sovereign citizen." He identified at arraignment as "Alvin Eugene Yarberry, the living man." In a motion to dismiss, he "invoked [his] right under [Uniform Commercial Code] 1-308 without prejudice" and asserted the right to be tried "under common law JURISDICTION in which the victim has to be a living person injured by [his] actions."

[2]Yarberry said he had confirmed May 5 that he still wanted to represent himself because he thought the trial setting was for the misdemeanor appeal.

Confirming the waiver is knowing and intelligent requires "a specific warning of the dangers and disadvantages of self-representation" or a record showing the defendant knew them from other sources. *Bledsoe v. State*, 337 Ark. 403, 407, 989 S.W.2d 510, 512 (1999). The analysis depends on the particular facts of each case, including the background, experience, and conduct of the accused. *Mattingly*, 2025 Ark. App. 461, 721 S.W.3d 819. "Significantly," we have held, "every reasonable presumption must be indulged against the waiver of the fundamental constitutional right to counsel." *Id*. at 8, 721 S.W.3d at 824.

Where the circuit court fell short, the State acknowledges, was by not advising Yarberry why he *should* retain counsel—meaning making him aware of the advantages of having a lawyer and the dangers and disadvantages of going to trial without one. It is not enough under the cases to warn the defendant he will have to follow the rules of procedure and evidence, though that is separately true and correct. The court must also explain "the consequences of failing to comply with those rules, such as the inability to secure the admission or exclusion of evidence, or the failure to preserve arguments for appeal." *Bledsoe*, 337 Ark. at 409, 989 S.W.2d at 513; *accord Trulock v. State*, 2021 Ark. App. 45, 616 S.W.3d 691; *Hull v. State*, 2020 Ark. App. 410, 607 S.W.3d 516.

Ultimately, a judge "can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which" it is tendered. *Van Moltke v. Gillies*, 332 U.S. 708, 724 (1948). How penetrating? That depends on the defendant and the context as we have said; but on this record, the State concedes, the minimum was not met. We acknowledge the State's "minister of justice" mindset and appreciate its candor.

3

Finally, as best we know, Arkansas has not issued a model *Faretta* inquiry to guide circuit courts in this decision. Yarberry asks us to create one and require them to use it. We won't go that far. Even some jurisdictions with model *Faretta* inquiries do not require judges to follow them to the letter. The *Benchbook for U.S. District Judges*, for example, suggests that before accepting a waiver of the right to counsel, judges "ask questions similar to" a fourteen-item list.[3]

Though we do not suggest that the inquiry set out in Appendix A is necessary (or sufficient) to ground a knowing and intelligent waiver of the right to counsel, we offer it for the circuit bench's consideration of important points on which to question a want-to-be pro se criminal defendant until something authoritative comes along. (Items marked with an asterisk (⋆) borrow heavily from the *Benchbook* model; so does the suggested tone, which does not affect to be neutral on whether the defendant should waive counsel.)

As for this case and Yarberry, we reverse the judgment and remand for a new trial or any pretrial proceedings he elects to renew through counsel.

Reversed and remanded.

TUCKER and THYER, JJ., agree.

*Law Offices of John Wesley Hall*, by: *Samantha J. Carpenter*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.

---

[3] *Benchbook for U.S. District Judges*, pp. 6–7 (6th ed. 2014).

APPENDIX A
Sample *Faretta* Inquiry

1.  Have you ever studied law?★

2.  Have you ever represented yourself in a criminal action?★

3.  How many active criminal cases do you have, meaning cases in which you have been arraigned on charges that have not yet been resolved through a trial or plea?

4.  Do you understand that, in this case, case number _____, you are charged with these crimes:★

    **[State the crimes with which the defendant is charged with particulars from the information]**?

5.  Do you understand that if you are found guilty of the crime charged in Count I, the court could sentence you to as many as ___ years in prison, fine you as much as $____, and direct you to pay restitution?★

    **[Ask the defendant a similar question for each crime charged in the information]**

6.  Do you understand that if you are found guilty of more than one of these crimes, this court can order that the sentences be served consecutively, that is, one after another?★

7.  Do you understand that if you represent yourself, you are on your own?  I cannot tell you or even advise you how you should try your case.★

8.  Are you familiar with the Arkansas Rules of Evidence?★

9.  Do you understand that the rules of evidence govern what evidence may or may not be introduced at trial, that in representing yourself you must abide by those very technical rules, and that they will not be relaxed for your benefit?★

10. Are you familiar with the Arkansas Rules of Criminal Procedure?★

11. Do you understand that those rules govern the way a criminal action is tried, that you are bound by those rules, and that they will not be relaxed for your benefit?★

12. Do you know what a subpoena is, and how and when it must be served?

13. I can appoint counsel for you if you cannot afford one. Would you like me to determine now, before you decide whether to represent yourself, whether you are eligible for appointed counsel?

14. Do you have any concern about accepting appointed counsel that you would like me to clarify?

15. Do you understand that if you had counsel, your lawyer would have to honor your decision to testify or not to testify, and you would remain in control of important decisions like whether to plead guilty or go to trial?

16. A trial is not just about telling your side of the story or correcting statements or actions you may believe are false or unfair. Do you understand that your guilt or innocence will determined by applying the evidence at trial to the elements of the offenses charged, and any applicable defenses that are properly raised, and I will limit the testimony and argument to those issues?

17. Do you understand that if you had counsel, your attorney could interview potential witnesses and negotiate with the State on your behalf with less risk of forfeiting important rights or evidentiary privileges, or making statements that could be introduced against you, than if you tried to do so yourself?

18. Do you understand that even in civil cases, our court rules do not allow a party's attorney who will need to testify at trial to serve as trial counsel because experience has shown this can confuse the jury?

19. Do you understand that if you are represented by counsel, serious deficiencies in your counsel's performance that prejudiced your rights could be grounds for relief from a conviction even if you appealed the conviction and lost the appeal?

20. Do you understand that your own failures to perform as well as a lawyer should at trial would not be grounds for any relief?

21. Do you understand that currently, unlike in federal court and almost all other states, the "plain error" doctrine does not apply in Arkansas courts? That is, in those jurisdictions—but not Arkansas—some serious legal errors during trial that prejudice a defendant can be reversed on appeal even if no objection was made in the trial court. In Arkansas, there are strict requirements to take action in the trial court to preserve errors for appeal. Generally, unless you or your attorney raise the right objection at the right time in the trial court, you may be unable to obtain relief later even if the error is clear and the prejudice to you is obvious. Do you understand that?

**[Then say to the defendant something to this effect:]**

22. I must advise you that in my opinion, a trained lawyer would defend you far better than you could defend yourself. I think it is unwise of you to try to represent yourself. You are not familiar with the law. You are not familiar with court procedure. You are not familiar with the rules of evidence. I strongly urge you not to try to represent yourself.★

23. Now, in light of the penalty that you might suffer if you are found guilty, and in light of all of the difficulties of representing yourself, do you still desire to represent yourself and to give up your right to be represented by a lawyer?★

24. Is your decision entirely voluntary?★